The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857-0374
Dear Senator Ross:
This official Attorney General opinion is rendered in response to several questions you have raised concerning the collection of fees by city police for the service of arrest warrants.
You have asked:
 (1) Can the city police, pursuant to A.C.A. § 14-52-202(b)(3), collect a fee for serving an arrest warrant at the time of service?
 (2) If the city police cannot collect the fee at the time of service, when is the fee to be legally collected?
 (3) Can the city retain the fee, whether or not there is a subsequent conviction?
 (4) If there should be a refund of the fee, when should that refund occur?
RESPONSE
Question 1 — Can the city police, pursuant to A.C.A. § 14-52-202(b)(3),collect a fee for serving an arrest warrant at the time of service?
It is my opinion that the city police cannot collect a fee for serving an arrest warrant at the time of service. Rather, they can only collect the fee at such time as the court enters a judgment for costs.
City police are authorized by A.C.A. § 14-52-202(b)(3), to collect a fee for the service of arrest warrants, as follows: "For serving city warrants only, the chief of police or his deputies shall be entitled to the fees allowed to the sheriffs under § 21-6-307 for similar services in similar cases."
This office has previously opined that this provision [A.C.A. §14-52-202(b)(3)] authorizes the police to collect the fee only when a judgment for costs is entered. See Ops. Att'y Gen. Nos. 89-241; 89-208. That conclusion was based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include all costs. See Op. Att'y Gen. No. 89-208, and authorities cited therein. Moreover, this statute (A.C.A. § 16-90-113) was in effect at the time of the passage of A.C.A. § 14-52-202(b)(3) [Act 726 of 1989], and the legislature is presumed to have had knowledge of statutes in effect at the time of the passage of other statutes addressing the same subject.Id.
For those reasons, I again conclude that the fee authorized by A.C.A. §14-52-202(b)(3) cannot be collected at the time of service, but rather, can only be collected at such time as the court enters a judgment for costs.
Question 2 — If the city police cannot collect the fee at the time ofservice, when is the fee to be legally collected?
See response to Question 1.
Question 3 — Can the city retain the fee, whether or not there is asubsequent conviction?
As discussed in response to Question 1, the fee can only be collected if (and at such time as) a judgment is entered against the defendant. When the fee is collected under those circumstances, it is paid over to the city treasury, pursuant to A.C.A. § 14-52-202(b)(4), and is retained by the city.
Question 4 — If there should be a refund of the fee, when should thatrefund occur?
This question appears to be based upon the premise that the fee can be collected at the time of service of the warrant, and then later refunded to the defendant in the event that there is no subsequent conviction. Because I have opined that the fee cannot be collected at the time of service, but rather, can be collected only at such time as the court enters a judgment for costs against the defendant, the question of a refund in this scenario is moot.
However, it is conceivable that a refund could be appropriate for other reasons, even in a scenario where the fee was collected at the time of judgment. The situations in which such a refund would be appropriate would vary in accordance with all of the attendant facts and circumstances. Whether a refund would be appropriate in any particular situation will turn entirely upon the specific facts of that situation. For this reason, I am unable to opine definitively in response to this question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh